ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| HÉCTOR ROMÁN ORTIZ, Recurrente, v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, Recurrida. | TA2025RA00329 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación. Respuesta de Reconsideración: B-1028-25. Sobre: solicitud de informe de salud mental (desestimada). |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

La parte recurrente, señor Héctor Román Ortiz (señor Román), presentó su recurso de revisión judicial de una decisión final administrativa el 27 de octubre de 2025[1]. Nos solicita que revisemos las resoluciones emitidas por el Departamento de Corrección y Rehabilitación de Puerto Rico (DCR) el 2 de julio de 2025. A través de los referidos dictámenes, la agencia recurrida denegó las solicitudes de remedios administrativos B-1025-125, B-1026-125, B-1027-125 y B-1028-125[2]. Además, el DCR informó al recurrente que "todo lo relacionado a clemencia ejecutiva lo debía trabajar con su TSS", ya que esta era la persona asignada para apoyarle en los procedimientos a seguir en sus citas de seguimiento.

Por los fundamentos que expresamos a continuación, desestimamos el recurso por este ser prematuro.

---

[1] En esa misma fecha, el señor Román solicitó que le eximiéramos del pago del arancel de presentación por razón de indigencia. Declaramos **con lugar** su solicitud.

[2] *Véase*, entrada núm. 1, *Sistema Unificado de Manejo y Administración de Casos* del Tribunal de Apelaciones (SUMAC TA).

I

En síntesis, mediante las referidas solicitudes de remedio administrativo, el señor Román expuso que estaba en proceso de solicitar el diferimiento de la ejecución de su sentencia que provee el Art. 70 del Código Penal de Puerto Rico, 33 LPRA sec. 5103, y para ello debía presentar ante el Tribunal de Primera Instancia cuatro (4) informes emitidos por las funcionarias que atienden y evalúan su salud mental[3]. En particular, se refirió a la psiquiatra, doctora Mercedes Velázquez; la psicosocial, señora Ana V. Otero; la psicóloga, señora Julimar Sáez Colón; y la trabajadora social, señora Gabriela Mercado, quienes prestan sus servicios en la institución en la que cumple su sentencia.

Inconforme con las determinaciones del DCR, el 23 de julio de 2025, el señor Román presentó sendas solicitudes de reconsideración ante el Coordinador Regional de Remedios Administrativos[4]. Acogidas las solicitudes de reconsideración, el 17 de septiembre de 2025, la coordinadora regional señora Damaris Robles Domínguez le informó que ya la sicóloga Julimar Sáez Colón había solicitado de las señoras Nayda Santiago, Aidyl Lozada Lugo y Ana V. Otero que le realizaran la batería de pruebas que administra el doctor Luis J. Rodriguez, para así poder evaluar su condición mental. Finalmente, **apercibió al señor Román que se encontraba a la espera de la contestación de aquellas**.

Aún inconforme, el señor Román comparece ante nos y solicita que **consolidemos** todas las solicitudes de remedio instadas por él y ordenemos al DCR rendir los informes relacionados a su condición de salud mental.

Ante este cuadro, prescindimos de la comparecencia del DCR, y resolvemos[5].

---

[3] *Véase*, entrada núm. 1.

[4] *Íd*.

[5] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]".

## II

### A

Como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. *Rodríguez v. Overseas Military,* 160 DPR 270, 277 (2003). No obstante, debido a la importancia de que las actuaciones de los tribunales sean dentro del marco de su jurisdicción, es una doctrina reiterada por el Tribunal Supremo que debemos ser celosos guardianes de ella. *Sánchez et al. v. Srio. de Justicia et al.,* 157 DPR 360, 369 (2002). Por lo tanto, si una controversia no es justiciable, quiere decir que el tribunal está impedido de resolverla, por carecer de jurisdicción. Es decir, "[l]a doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de los mismos". *Smyth, Puig v. Oriental Bank,* 170 DPR 73, 75 (2007).

Además, resulta importante puntualizar que, para presentar una apelación administrativa, la decisión, orden o resolución final del organismo o agencia administrativa ha de estar madura, de lo contrario, la apelación adolece de prematuridad. Art. 4.006(c) de la Ley de Judicatura de 2003, 4 LPRA sec. 24(y). El aspecto medular de la doctrina de madurez reside en que la controversia se considera prematura porque **un examen minucioso indica que hay ciertos eventos y sucesos futuros que afectarán su configuración y estructura de manera tal que niegan su presente justiciabilidad, bien porque resulta que una decisión posterior es más adecuada, o porque se demuestra directamente que la cuestión no está aun debidamente delineada para adjudicación**. Raúl Serrano Geyls, *Derecho Constitucional de Estados Unidos y Puerto Rico*, Programa de Educación Legal Continuada, U.I.P.R. (1992), Tomo I, pág. 195. Asimismo, si la controversia no estuviera completa y lista para adjudicarse, la opinión del tribunal sería consultiva. *Op. cit.*

B

La Regla 83(B) y (C) del Reglamento de este Tribunal de Apelaciones nos confiere autoridad para desestimar un recurso por cualquiera de las siguientes circunstancias:

Regla 83 – Desistimiento y desestimación

. . . . . . . .

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción;**

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.**
. . . . . . . .

*In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ____ (2025). (Énfasis nuestro).

III

Al evaluar el recurso de revisión ante nuestra consideración, determinamos que procede su desestimación por prematuridad. Nos explicamos.

En el presente recurso, el señor Román nos solicita que intervengamos y ordenemos a varios funcionarios y profesionales de la salud mental del DCR que emitan informes relacionados al estado de su salud mental. Ello, debido a que está en proceso de solicitar el diferimiento de la ejecución de su sentencia, que provee el Art. 70 del Código Penal de Puerto Rico, 33 LPRA sec. 5103, y aún no había recibido los mismos.

Sin embargo, examinada la totalidad del expediente ante nuestra consideración, surge de los propios documentos adjuntados por el señor Román que el DCR está a la espera de los informes y pruebas solicitadas, indispensables para la evaluación comprensiva del estado de salud mental del señor Román. Es decir que, por el momento, al señor Román no se le ha denegado remedio administrativo alguno. Al contrario, el DCR ha hecho los tramites correspondientes para que sus funcionarios y los profesionales de salud mental emitan los informes solicitados por este.

En su consecuencia, este Tribunal se ve impedido de entrar a considerar los méritos de su reclamación, pues la controversia aún no está madura.

IV

A la luz de los hechos y el derecho antes expuestos, este Tribunal **desestima este recurso por falta de madurez**. Esta determinación no impide que, una vez concluido el proceso de evaluación de su estado mental, el señor Román, de no estar de acuerdo con la determinación final, pueda comparecer ante nos para revisar la misma.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones